UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KRISTIN FRYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 1:21-cv-03070 |
| | ) | |
| DONALDSON COMPANY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, KRISTIN FRYE, hereafter Plaintiff, by counsel, pursuant to Rule 3 of the Federal Rules of Civil Procedure, and files herein her Complaint against the Defendant, DONALDSON COMPANY, INCORPORATED and shows the Court as follows:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 1331. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C §12101 *et. seq.*

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims for negligence arise out of the same transaction or occurrence that

1

is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff is a citizen of the United States and is a qualified employee under 42 U.S.C §12111(4).

5. At all times relevant hereto, Plaintiff was an "employee" of the Defendant.

6. The Defendant is a qualified employer as the term is defined in 42 U.S.C. §12111(5).

7. Defendant is a foreign for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

8. On or about November 23, 2020, Plaintiff filed charges of discrimination alleging violations of the ADA with the Equal Employment Opportunities Commission ("EEOC"), Charge Number 470-2020-04078.

9. On or about October 25, 2021, Plaintiff sent a request for a Notice of Right to Sue from EEOC for Charge Number 470-2020-04078, as over 180 days had passed since filing with EEOC.

10. On or about October 26, 2021, Plaintiff received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-04078, entitling her to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

11. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

12. The Defendant hired Plaintiff in July of 2017 as temporary employee and hired her on full-time in November of 2017.

13. Throughout her employment with Defendant, Plaintiff met or exceeded Defendant's legitimate expectations of performance.

14. When Plaintiff began her employment with Defendant, she made them aware of her chronic migraines.

15. In November of 2017 when Plaintiff became eligible for FMLA, she submitted FMLA documentation for her chronic migraines.

16. On or about February 28th, Plaintiff was hospitalized, and it was discovered that she had two compressed disks, resulting in increased migraines and decreased mobility in her right arm.

17. Starting March 1, 2020, Plaintiff went out of work on short term disability.

18. During her leave, Plaintiff was notified by a Human Resources Associate, Susan Hodges, that if she did not return to work for at least thirty (30) days she would lose her health insurance.

19. Plaintiff contacted Ms. Hodges regarding using her long-term disability benefit, as she had been utilizing her short-term disability benefit, and was told she did not have long term disability coverage.

20. Plaintiff had payroll deduction for both long- and short-term disability coverage.

21. Plaintiff's doctor approved her to return to work as long as she kept her previously scheduled appointments.

22. Plaintiff notified Ms. Hodges that she would return to work but needed to use her paid time off to attend upcoming medical appointments.

23. The Ms. Hodges told Plaintiff she would be able to use her paid time off for those medical appointments.

24. On or about August 24, 2020, the Plaintiff took paid time off to attend doctor's appointments.  That request was approved by plaintiff's supervisor, John Roberts.

25. On or about August 25, 2020, Plaintiff went into work and placed the rest of her requests for time off to attend her doctor's appointments.  These requests were approved by plaintiff's supervisor, John Robert.

26. Plaintiff was notified that the Human Resources Director had rescinded the time off request and that she now had accumulated two points, when an employee reaches four points, they are terminated by Defendant.

27. The Human Resources Director informed Plaintiff that any further paid time off requests would not be approved, and she would receive points for the time off.

28. Plaintiff continued to attend her medical appointments and requested use of her paid time off as she had discussed with Ms. Hodges.

29. On or about August 28, 2020, Plaintiff was terminated by the Defendant.

## COUNT I

## DISCRIMINATION ON THE BASIS OF DISABILITY

30. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-nine (29) as though previously set out herein.

31. At all times relevant to this action, Plaintiff was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and §12111.

32. The conduct as described hereinabove constitutes discrimination based on Plaintiff's disability.

33. The Defendant willfully and intentionally failed to accommodate Plaintiff's disability.

34. Defendant intentionally and willfully discriminated against Plaintiff because she is disabled and/or because Plaintiff has a record of being disabled and/or because Defendant regarded Plaintiff as disabled.

35. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

36. Defendant's actions were intentional, willful and in reckless disregard of Defendant's unlawful actions.

37. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

38. Plaintiff asserts a claim against the Defendant for a violation of his rights under the ADA.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Kristin Frye, respectfully requests that this Court enter judgment in her favor and:

    a. Order Defendant to pay Plaintiff lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

    b.       Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

    c.       Pay compensatory damages;

    d.       Pay punitive damages;

    e.       Pay liquidated damages

    f.       Pay lost future wages

    g.       Pay All costs and attorney's fees incurred as a result of bringing this action;

    h.       Payment of all pre- and post-judgment interest;

    i.       Provide to Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Kristin Frye, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Leah N. Miller*
Leah Miller #36903-29
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
Phone:(317) 846-8999
Fax: (317) 843-1991
LeahM@getstewart.com
Attorneys for Plaintiff,
Kristin Frye